UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER LEE MERRITTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 98 C 8456 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| THOMAS F. PAGE and JIM RYAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court denies Petitioner Walter Lee Merritte's motion to vacate the Court's February 25, 1999 judgment for want of jurisdiction [8]. Merritte's present motion is frivolous. The Court instructs the Clerk to: (1) update the docket to reflect that Merritte is incarcerated at Stateville Correctional Center; (2) terminate Respondents Thomas F. Page and Jim Ryan; (3) add Sherwin Miles, Acting Warden, as Respondent; and (4) alter the case caption to *Merritte v. Miles*. The Clerk shall forward a copy of this order to the United States Court of Appeals for the Seventh Circuit for its consideration of whether to sanction Merritte in light of its January 21, 2016 order in *Merritte v. Butler*, No. 15-1698 (7th Cir. Jan. 21, 2016).

## STATEMENT

Petitioner Walter Lee Merritte, a prisoner incarcerated at the Stateville Correctional Center, brought this *pro se* habeas corpus action under 28 U.S.C. § 2254 challenging his 1991 murder conviction in the Thirteenth Judicial Circuit Court, LaSalle County, Illinois. *Illinois v. Merritte*, 611 N.E.2d 24, 242 Ill. App. 3d 485, 183 Ill. Dec. 171 (1993). Merritte is serving a life sentence.

Merritte filed the present case on December 30, 1998. The case was originally in front of the Honorable Ann C. Williams, who denied the petition as untimely under 28 U.S.C. § 2244(d) and entered judgment terminating the case on February 25, 1999. Merritte did not appeal.

Merritte filed a second habeas corpus petition challenging his conviction in this district, but the court dismissed the petition for want of subject matter jurisdiction as an unauthorized second or successive petition under 28 U.S.C. § 2244(b). *Merritte v. Hulick*, No. 07 C 226, Doc. 8 (N.D. Ill. Feb. 2, 2007) (Darrah, J.). Merritte did not appeal this dismissal.

Merritte then sought prior approval from the Seventh Circuit to bring a successive habeas corpus petition. The Seventh Circuit rejected his requests. No. 07-1462 (7th Cir. Mar. 12, 2007); No. 09-1460 (7th Cir. Mar. 2, 2009).

Merritte filed a third habeas corpus petition challenging his conviction in this district, and Judge Darrah again denied the petition as an unauthorized second or successive petition. *Merritte v. Illinois*, No. 14 C 1513, Doc. 4 (N.D. Ill. Apr. 22, 2014) (Darrah, J.). In this case, Merritte argued that the 1999 dismissal of his habeas corpus petition was void because Judge Williams lacked subject matter jurisdiction to dismiss his petition. Merritte appealed the dismissal of his third petition to the Seventh Circuit. The Seventh Circuit found that Merritte's appeal was "patently frivolous," as Merritte was litigating a clearly unauthorized successive habeas corpus petition, and that his filings were "nonsensical." *Merritte v. Butler*, No. 15-1698 (7th Cir. Jan. 21, 2016). The Seventh Circuit warned Merritte that further frivolous filings would result in sanctions pursuant to *Alexander v. United States*, 121 F.2d 312 (7th Cir. 1997). *Id.*

Merritte's present motion to vacate the February 25, 1999 judgment for want of jurisdiction reasserts his previously rejected argument that Judge Williams lacked subject matter jurisdiction to adjudicate his habeas corpus petition. This motion is frivolous because the Seventh Circuit already rejected this argument in its review of his appeal of his third habeas corpus petition. Moreover, Judge Williams had jurisdiction to adjudicate Merritte's petition under 28 U.S.C. § 1331. In light of this, the Court denies Merritte's motion to vacate [8].

Date: January 28, 2019                                         /s/ Sara L. Ellis